O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| YVETTE L. LANDRY,                          ) | Case No. EDCV 11-01260-MLG |
|                   Plaintiff,               ) | MEMORANDUM OPINION AND ORDER |
|             v.                             ) | |
| MICHAEL J. ASTRUE,                         ) | |
| Commissioner of the Social                 ) | |
| Security Administration,                   ) | |
|                   Defendant.               ) | |

Plaintiff Yvette Landry seeks judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance benefits ("DIB"). For the reasons discussed below, the decision of the Commissioner is REVERSED and the matter REMANDED for further proceedings consistent with this opinion.

**I.   Facts and Procedural Background**

Plaintiff was born on November 26, 1973. (Administrative Record ("AR") at 139.) She has a high school education and has work experience as a sales representative and driver. (AR at 158, 162, 204.) Plaintiff filed her application for DIB on January 7, 2009,

alleging disability beginning October 22, 2008, due to fibromyalgia, back and neck pain, depression, anxiety, and migraine headaches. (AR at 201.) Her application was denied initially on March 4, 2009, and upon reconsideration on April 22, 2009. (AR at 71-74, 75-80.) Administrative Law Judge ("ALJ") Mason Harrell, Jr. held a de novo administrative hearing on May 20, 2010. Plaintiff, represented by an attorney, testified as did a vocational expert ("VE") and a medical expert. (AR at 31-66.)

ALJ Harrell issued an unfavorable decision on July 1, 2010. (AR at 18-24.) The ALJ found that Plaintiff suffered from the severe impairment of chronic pain due to fibromyalgia and headaches. (AR at 20.) However, the impairment did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.)

The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a): "She can stand/walk/sit for 6 hours of an 8-hour workday with normal breaks such as every two hours. She can lift and carry 10 pounds maximum, and occasionally stoop and bend. She can climb stairs, but she cannot climb ladders, work at heights, or balance. She should be able to lie down during the lunch break and could miss work 1-2 times a month. In addition, the work should consist of simple, repetitive tasks." (AR at 20.)

The ALJ concluded that although Plaintiff could not perform any past relevant work, there were jobs in the national economy which Plaintiff could perform, such as food and beverage order clerk and charge account clerk. (AR at 23.) Therefore, he found that Plaintiff was not disabled under the Social Security Act. (AR

2

at 24.)

The Appeals Council denied review on June 7, 2011 (AR at 1-3), and Plaintiff commenced this action for judicial review. On May 7, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred in evaluating Plaintiff's credibility and subjective pain testimony. (Joint Stip. at 4.) Plaintiff asks the Court to reverse and order an award of benefits, or in the alternative, remand for further administrative proceedings. (Joint Stip. at 17.) The Commissioner requests that the ALJ's decision be affirmed, or in the alternative, remanded for further proceedings. (Joint Stip. at 17-18.)

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the

Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting her subjective pain testimony. (Joint Stip. at 4.) To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186

at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[1]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id*. (citations omitted).

Plaintiff testified at the administrative hearing to the following symptoms and functional limitations: she feels tired and exhausted most of the time; she has persistent neck, shoulder, hip, and joint pain; she has hand tremors; she is prevented from working at her former job as a driver because the fibromyalgia makes her tired and her pain medication makes her feel drowsy; and pain in

---

[1] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

her legs and knees makes it difficult for her to stand and/or walk for more than 20 minutes at a time. (AR at 39-41, 43, 46-47.)

The ALJ found that Plaintiff's medical impairments could reasonably be expected to cause the alleged symptoms. (AR at 22.) The ALJ was therefore required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional limitations. The ALJ found Plaintiff only "partially credible" because "[t]he alleged degree of functional impairment is not fully supported by objective findings, treatment records, or the claims representative's observations." (Id.)

Here, the ALJ had already concluded that Plaintiff's fibromyalgia was a severe impairment that could be expected to produce the symptoms she described. In light of those conclusions, the ALJ was not entitled to discredit Plaintiff's testimony merely because the objective evidence did not corroborate the severity of the pain. *Reddick*, 157 F.3d at 722; *Bunnell*, 947 F.2d at 345; *Light v. Soc. Sec. Admin*, 119 F.3d 789 (9th Cir. 1997) ("[B]ecause a claimant need not present clinical or diagnostic evidence to support the severity of his pain ... a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain.")

Nor is the ALJ's reliance on the claims representative's failure to observe any apparent problems during the application interview a specific, clear or convincing reason for rejecting Plaintiff's complaints. "The fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain

are not credible." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).  This same reasoning applies to the observations of a claims representative during the course of an application interview.

The final reason given by the ALJ for rejecting Plaintiff's credibility, that her alleged degree of impairment is not supported by the treatment records, is also insufficient because the ALJ did not specify what medical evidence in the treatment records undermines Plaintiff's subjective complaints. (AR at 22.) As noted by the Ninth Circuit, fibromyalgia "is diagnosed entirely on the basis of patients' reports of pains and other symptoms," and, although there is a "set of agreed-upon diagnostic criteria ...," there are no laboratory tests to confirm the diagnosis." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).[2] The medical records consistently indicate that Plaintiff has a "history" of fibromyalgia. This diagnosis was made by a treating rheumatologist, Dr. Bikramjit S. Ahluwalia. (AR at 52-53, 265-66, 413-426). However, it is unclear whether Plaintiff has been found to have the specified number of "tender points" or has met any other diagnostic criteria for fibromyalgia. There is no consultative physician's report, or other data, to support or reject the diagnosis of fibromyalgia. Accordingly, if the ALJ believes that Plaintiff's subjective complaints are unsupported or contradicted by the medical evidence, he must specify on remand what that medical evidence is and how it undermines Plaintiff's credibility.

---

[2] In 1990, the American College of Rheumatology issued a set of agreed-upon guidelines for diagnosing fibromyalgia, which primarily include widespread pain in all four quadrants of the body and at least 11 of 18 specified "tender points" on the body.

## IV.  Conclusion

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett*, 340 F.3d at 876.

Here, the ALJ failed to explain with sufficient specificity the basis for his determination that Plaintiff was not fully credible regarding the intensity, persistence, and limiting effects of her symptoms. Accordingly, the case is remanded for further proceedings consistent with this opinion and order.

Dated: May 18, 2012

Marc L. Goldman
United States Magistrate Judge